**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5050**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FAUSTINO CAMARILLO SALAZAR,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:06-cr-00132-JAB)

Submitted:  June 11, 2007              Decided:  July 9, 2007

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Scott Coalter, MCKINNEY & JUSTICE, P.A., Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Faustino Camarillo Salazar was charged in a one count indictment with being an alien found in the United States after having been convicted of an aggravated felony and who had previously been deported and not received the consent of the Attorney General or Secretary for Homeland Security to apply for re-admission, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (2000).

On May 11, 1995, Salazar was convicted in the Superior Court of Fresno County, State of California, of possession of cocaine for sale. Salazar was sentenced to three years in prison and, subsequently, was deported to Mexico. On February 12, 2006, Salazar was arrested in Winston-Salem, North Carolina and charged with Driving While Impaired. Salazar was then charged with illegal re-entry. Salazar pled guilty to the illegal re-entry charge pursuant to a plea agreement and was sentenced to forty-eight months' imprisonment. Salazar timely noted an appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[*] Salazar raises only one issue on appeal - whether his sentence was reasonable and complied with United States v. Booker, 543 U.S. 220 (2005). We affirm the judgment of the district court.

---

[*]Salazar was informed of his right to file a pro se supplemental brief; he has not done so.

Following Booker, a district court must engage in a multi-step process at sentencing. First, after making appropriate findings of fact, the court must correctly determine the applicable advisory guidelines range and consult the range in imposing sentence. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The court is then required to consider "other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing sentence." Hughes, 401 F.3d at 546. "A sentence that falls within the properly calculated advisory guideline range is entitled to a rebuttable presumption of reasonableness." Moreland, 437 F.3d at 443. This court will affirm a sentence as long as it is within the prescribed statutory range and is reasonable. Hughes, 401 F.3d at 547. Reasonableness review involves procedural and substantive components. Moreland, 437 F.3d at 434. Here, Salazar's sentence was both procedurally and substantively reasonable.

In preparing Salazar's pre-sentence report, the probation officer correctly determined Salazar's base offense level, criminal history points, and adjustment for acceptance of responsibility. Based on a total offense level of twenty-one and a criminal history category of III, Salazar's resulting guidelines range recommended a sentence of 46-57 months' imprisonment. After considering the applicable advisory guidelines range, the district court

specifically stated that it had considered counsel's sentencing argument and the factors in § 3553. The court then imposed a sentence of forty-eight months, which was at the low end of Salazar's guidelines range. Accordingly, Salazar's sentence was procedurally reasonable.

Salazar's sentence was also substantively reasonable. Salazar had previously been convicted of possession of cocaine for sale and had been deported. Salazar, however, entered a guilty plea to the offense charged in the current indictment and accepted responsibility for his illegal re-entry. Also, Salazar faced a statutory maximum sentence of twenty years' imprisonment. Accordingly, Salazar's sentence, at the low end of his guidelines range, was substantively reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Salazar's conviction and sentence. This court requires that counsel inform Salazar in writing, of the right to petition the Supreme Court of the United States for further review. If Salazar requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Salazar.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED